UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MELVIN RAYMOND**                                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                       **NO: 06-11140**

**BORDEN, INC., ET AL.**                                                                         **SECTION: "K"(1)**

### ORDER AND REASONS

Before the Court is Plaintiff Melvin Raymond's Motion to Remand (Rec.Doc.No. 3), wherein he alleges the Court has no subject matter jurisdiction over this proceeding. After reviewing the pleadings, memoranda, and relevant law, the Court hereby grants Plaintiffs motion and remands this proceeding to state court for the reasons assigned below. This case is one of many involving the Avondale, Louisiana, shipyard asbestos exposures. The Defendants removed this case from Orleans Parish Civil District Court, New Orleans, Louisiana, asserting federal subject matter jurisdiction under the federal officer removal statute.

This case, in which plaintiff asserts he was negligently exposed to asbestos, is like many others removed to the Eastern District of Louisiana under the federal officer removal statute *See Landry v. Northrop Brumman Industries, et al.*, No. 06-9889 (E.D. La. Dec. 15, 2006); *Savoie v. Northrop Crumman Ship Systems, Inc., et al.*, No. 05-2086 (E.D. La. 2005); *Gauthe v. Asbestos*

*Corp., et al.*, 1997 WL 3255 (E.D. La. 1997).

In *Savoie*, the Court found defendant's removal under the federal officer removal statute "failed on the first prong, as defendant cannot demonstrate that he was acting under the direction of a federal officer specific to the claims alleged in plaintiff's petition, namely those dealing with safety procedures and plans of Avondale." *Savoie*, at p. 3.

Defendants claim that recent jurisprudence supports a reconsideration of its decision in *Savoie*. The Court finds that these cases are unpersuasive and the instant case does not warrant a departure from the its previous holding in *Savoie*. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 3) is **GRANTED** and the case is hereby **REMANDED** to state court.

New Orleans, Louisiana, on this  16th day of April, 2007.

STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**